HORTON, Chief Judge.
The appellants seek reversal of an order dismissing their amended complaint without leave to amend, and a final decree of foreclosure rendered upon appellees’ counterclaim. The amended complaint sought recision and cancellation of an agreement to purchase two businesses formerly owned and operated by appellees. The counterclaim was for the foreclosure of two chattel mortgages given by the appellants as part payment of the purchase price of the businesses.
The order dismissing the amended complaint did not indicate the grounds for dismissal. However, the appellees’ motion upon which the order was predicated contained only one ground, namely, that the complaint failed to state a cause of action.
The amended complaint charged the ap-pellees with false representation as to the condition of the businesses reflected by a financial statement, the condition and useability of materials, gross sales, saleability of the products and failure to make available all books and records of the businesses. The appellants’ answer to the counterclaim for foreclosure attempted to set up the defense of nondelivery of the notes and mortgages as well as an alleged failure to comply with the covenants and conditions of the agreement of purchase and incorporated therein by reference the detailed charges of false representation contained in the amended complaint. The cause was tried upon the issues made by the counterclaim for foreclosure and the appellants’ reply or answer thereto. The record reveals that in reality all of the matters of which the appellants complained, as reflected in their amended complaint, were urged in opposition to and as a defense to the counterclaim for foreclosure. Consequently, if the chancellor’s decree is supported by the evidence, then a review of the order dismissing the amended complaint would be unnecessary.
Although the record is not clear as to the exact date, it would appear that the appellants went into possession and operated the businesses for approximately six months before filing their amended complaint for recision. At the time of the filing of the amended complaint, the obligations represented by the promissory notes were in default and although some credit due the appellants had been applied against the notes, no actual payments had ever been made on these obligations.
We have carefully considered the testimony and the exhibits in this cause, the briefs of the respective parties and oral argument of counsel, and are convinced that the able chancellor was eminently correct in reaching the decision that he did. Without delineating all of the specific details upon which the decree is predicated, suffice it to say that the testimony clearly demonstrated that the appellants, prior to the purchase, made thorough and extensive examination into the background and financial condition of the businesses of the appellees, and in fact brought or caused to *425 be brought from Philadelphia, their own accountant who examined the books and records of appellees’ businesses. After being in possession of the physical assets of the businesses and, having operated them for some six months prior to bringing action would certainly warrant the application of the doctrine of laches. See Taran Distributing, Inc. v. Allen, Fla.1953, 67 So.2d 686, and Benn v. Key West Propane Gas Co., Fla.1954, 72 So.2d 910.
Concluding as we have that the appellants failed to demonstrate error in the actions of the chancellor in rendering the final decree appealed, we consider the questions directed to his actions in dismissing the amended complaint to be moot. Accordingly, the order and decree appealed from are affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.